# Supreme Court of Texas

No. 24-1062

In re Dr. Robert Tafel, et al.,
*Relators*

On Petition for Writ of Mandamus

JUSTICE YOUNG and JUSTICE SULLIVAN, concurring.

The Court holds today that *qui tam* claims brought under the Texas Health Care Program Fraud Prevention Act survive the relator's death because the claims belong to the State. *Ante* at 2, 8–10. According to the Court, the State "is the party allegedly injured" and is "still very much in existence." *Id.* at 10. Justice Bland agrees that "qui tam claims survive a relator's death because the State owns and ultimately directs these claims." *Ante* at 1 (Bland, J., concurring). So do we. We write separately to acknowledge two issues that the parties have not raised in this proceeding but that the Court may need to address in the future.

As the Court notes, "[t]his Court has long treated actions filed by *qui tam* relators as justiciable," *ante* at 10 n.4, and no party has argued that we should change course in this case. We therefore join the Court's opinion, which answers the narrow question presented without needing to address the relator's standing.

But although we agree with the Court that denying this mandamus petition does not require us to address standing head-on, that does not mean that our concerns about the Act have been allayed. *See In re Novartis Pharms. Corp.*, 722 S.W.3d 720 (Tex. 2025) (statement of Young and Sullivan, JJ., respecting the denial of the petition for writ of mandamus). Parties remain free to argue that differences between Texas law and federal law justify departing from the U.S. Supreme Court's conclusion that a *qui tam* relator has standing as the partial assignee of the government's claim. *See id.* at 721–22 (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000)); *compare Stevens*, 529 U.S. at 772 (rejecting the theory that the *qui tam* relator acts merely as the government's agent), *with ante* at 5 (Bland, J., concurring) (referring to the relator as "the State's agent"). Parties may also argue that the Act violates the separation of powers by assigning to private relators authority that the Constitution assigns exclusively to the attorney general and district and county attorneys, *see Novartis*, 722 S.W.3d at 722—an issue that the parties to this proceeding did not raise.

We hope that the Court will seize the opportunity to address these two difficult but important questions in an appropriate case. Perhaps the wait will not be long, now that *Novartis* has returned to this Court. *See* No. 26-0467, Pet. for Writ of Mandamus. Because *this* petition presents a different question that the Court correctly answers, we are pleased to concur and leave the thorny constitutional issues for another day.

| | |
|---|---|
| James P. Sullivan | Evan A. Young |
| Justice | Justice |

**OPINION FILED:** June 19, 2026